# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **ALEX DEMOUCHET; HELEN SONNIER; and SHAQUR STEVENSON** § § § § | | **PLAINTIFFS** |
| **v.** § § § | **Civil No. 1:22-cv-155-HSO-RHWR** | |
| **MELTON TRUCK LINES, INC.; and JERQUEZ HUGHEY** § § | | **DEFENDANTS** |

## ORDER REQUIRING PLAINTIFFS TO BRIEF SUBJECT-MATTER JURISDICTION

This matter is before the Court sua sponte to consider its subject-matter jurisdiction over this case. On June 22, 2022, Plaintiffs Alex Demouchet, Helen Sonnier, and Shaqur Stevenson ("Plaintiffs") filed a Complaint [1] against Defendants Melton Truck Lines, Inc. and Jerquez Hughey ("Defendants"), invoking the Court's diversity jurisdiction. Compl. [1] at 1. On July 14, 2022, Defendants filed an Answer [4] in which they raised lack of subject-matter jurisdiction as an affirmative defense. Answer [4] at 3. Because the Court questions whether the amount in controversy is satisfied in this case, it will require briefing on subject-matter jurisdiction **on or before July 29, 2022**.

"Federal courts are courts of limited jurisdiction" and must presume a civil action lies outside their limited jurisdiction until a party seeking the federal forum meets its burden of establishing federal jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a

challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The burden of establishing federal jurisdiction rests upon the party asserting it. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). Under § 1332, the Court has original subject-matter jurisdiction over a civil action if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

The Complaint [1] seeks "damages as may be reasonable in the premises, in accordance with the law and evidence." Compl. [1] at 4. Specifically, Plaintiffs claim that they "suffered severe injuries" that "have caused or will cause" each Plaintiff to endure "residual disability, disfigurement and scarring, past and future pain and suffering, past and future mental anguish and distress, past and future loss of enjoyment of life, past and future medical expenses, and loss of past and future earnings or income earning capacity." *Id*. at 3-4. In addition, Plaintiff Alex Demouchet asserts that he has incurred $5,862.43 of property damage as a result of the events described in the Complaint [1]. *Id*. at 3.

Because the Complaint [1] seeks an unspecified amount of damages, each Plaintiff "must show by a preponderance of the evidence that the amount-in-controversy requirement is met." *Brand Servs., L.L.C. v. Irex Corp.*, 909 F.3d 151, 155 (5th Cir. 2018); *see also Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995) ("The general rule is that each plaintiff who invokes diversity of

citizenship jurisdiction must allege damages that meet the dollar requirement of § 1332."). Plaintiffs have presented insufficient factual allegations as to the amount of their alleged individual damages. In light of the foregoing, the Court questions whether the amount in controversy is satisfied as to each Plaintiff's claims. The Court will therefore require Plaintiffs, as the parties invoking the Court's jurisdiction, to brief the amount in controversy and submit any relevant evidence.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, Plaintiffs Alex Demouchet, Helen Sonnier, and Shaqur Stevenson, are directed to file a brief and attach any relevant evidence addressing the question of the amount in controversy in this case no later than **July 29, 2022**.

**SO ORDERED AND ADJUDGED**, this the 15th day of July, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE